%AO 241
(Rev. 12/04)

E filing

Page 2

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

**FILED**

| United States District Court | District: | NORTHERN |
|---|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|
| CHARLES CHATMAN | |

MAR – 4 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| Place of Confinement : | Prisoner No.: |
|---|---|
| HIGH DESERT STATE PRISON | P99062 |

| Petitioner (include the name under which you were convicted) | | Respondent (authorized person having custody of petitioner) |
|---|---|---|
| CHARLES CHATMAN | v. | TOM FELKER, WARDEN |

| The Attorney General of the State of | CALIFORNIA |
|---|---|

**PETITION**

MMC

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

SAN MATEO COUNTY SUPERIOR COURT, 400 COUNTY CENTER, REDWOOD CITY, CALIFORNIA 94063

(b) Criminal docket or case number (if you know):  # SC – 460 83 A

**(PR)**

2. (a) Date of the judgment of conviction (if you know):  9 – 21 – 2000

(b) Date of sentencing:  11 – 20 – 2000

3. Length of sentence:  90 yrs to life

4. In this case, were you convicted on more than one count or of more than one crime?  ☑ Yes  ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

BANK ROBBERY 3X COUNTS

6. (a) What was your plea? (Check one)

☑ (1) Not guilty  ☐ (3) Nolo contendere (no contest)

☐ (2) Guilty  ☐ (4) Insanity plea

AO 241
(Rev 12/04)

Page 4

(5) Citation to the case (if you know):   *UNPUBLISHED*

(6) Grounds raised:   *SAME AS ABOVE*

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):   .

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☐ Yes   ☑ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result:

(8) Date of result (if you know):

AO 241
(Rev. 12/04)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐   Yes    ☑ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes    ☐  No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?    *N/A*

(1) First petition:    ☐  Yes    ☐  No

(2) Second petition:    ☐  Yes    ☐  No

(3) Third petition:    ☐  Yes    ☐  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

*N/A*

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*SEE ATTACHED SHEET*

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐  Yes     ☐  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes     ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ☐  Yes     ☐  No

(4) Did you appeal from the denial of your motion or petition?     ☐  Yes     ☐  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐  Yes     ☐  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:        *SEE    ATTACHED    SHEET*

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*SEE    ATTACHED    SHEET*

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐  Yes      ☐  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐   Yes      ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
have used to exhaust your state remedies on Ground Two

*SEE    ATTACHED    SHEET*

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

*SEE    ATTACHED    SHEET*

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

%AO 241
(Rev. 12/04)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
         have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SEE   ATTACHED   SHEET

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?        ☐  Yes        ☐  No

        (2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

                ☐   Yes      ☐  No

        (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition:

AO 241
(Rev. 12/04)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 12/04)

13.   Please answer these additional questions about the petition you are filing:

    (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court
        having jurisdiction?   ☑ Yes   ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not
        presenting them:

    (b)   Is there any ground in this petition that has not been presented in some state or federal court? If so,
        ground or grounds have not been presented, and state your reasons for not presenting them:

*N/A*

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction
    that you challenge in this petition?   ☐ Yes   ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues
    raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy
    of any court opinion or order, if available.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for
    the judgment you are challenging?   ☐ Yes   ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the
    raised.

AO 241
(Rev. 12/04)

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ☐ Yes      ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?          ☐ Yes      ☐ No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

     (1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
     custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

          (A)     the date on which the judgment became final by the conclusion of direct review or the expiration
          of the time for seeking such review;

          (B)     the date on which the impediment to filing an application created by State action in violation of
          the Constitution or laws of the United States is removed, if the applicant was prevented from
          filing by such state action;

          (C)     the date on which the constitutional right asserted was initially recognized by the Supreme
          Court, if the right has been newly recognized by the Supreme Court and made retroactively
          applicable to cases on collateral review; or

          (D)     the date on which the factual predicate of the claim or claims presented could have been
          discovered through the exercise of due diligence.

%AO 241
(Rev 12/04)

(2)    The time during which a properly filed application for State post-conviction or other collateral review
with respect to the pertinent judgment or claim is pending shall not be counted toward any period of
limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

*SEE    ATTACHED    SHEET*

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on   *2-27-08*   (month, date, year).

Executed (signed) on   *2-27-08*   (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

*U.S. NORTHERN DISTRICT*

[insert appropriate court]

* * * * *

## VERIFICATION— ACCUSATION

I, _CHARLES CHAPMAN_, am the person who is filing the Accusation. I certify and declare that I have read the foregoing, that I know its contents, and that I am informed and believe the matters stated within are true.

I declare under penalty of perjury and the laws of the State of California that the foregoing is true and correct.

Executed this _27 th._ day of _February_, 20_07_, at _Susanville_, California.

_Charles Chapman_
(Your Signature)

## PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, _CHARLES CHATMAN_ , declare:

I am over 18 years of age and a party to this action.  I am a resident of _____

_HIGH DESERT STATE_ Prison,

in the county of _LASSEN_ ,

State of California.  My prison address is: _P·O·  Box  3030,_

_Susanville,  CA·  96127_

On _2-27-08_ ,
(DATE)

I served the attached: _HABEAS CORPUS_

(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope,
with postage thereon fully paid, in the United States Mail in a deposit box so provided at the
above-named correctional institution in which I am presently confined.  The envelope was
addressed as follows:

_UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA,_
_455 GOLDEN GATE AVE., SAN FRANCISCO, CA· 94102_

I declare under penalty of perjury under the laws of the United States of America that the
forgoing is true and correct.

Executed on _2-27-08_          _Charles Chatman_
(DATE)                        (DECLARANT'S SIGNATURE)

F:\COMMON\CSA\FORMS\P_PF.FSVC.WPD August 21, 2000 (2:11pm)

① GROUND FOR RELIEF

PETITIONER'S CONSTITUTIONAL RIGHTS
UNDER THE 1st AMENDMENT WAS
VIOLATED BY PRISON PERSONNELS, WHO STOLE
HIS PROPERTY IN RETALIATION FOR MAKING
COMPLAINTS AGAINST FELLOW OFFICERS.

② GROUND FOR RELIEF

PETITIONER'S CONSTITUTIONAL RIGHTS
UNDER THE 1st AMENDMENT WAS
VIOLATED BY PRISON PERSONNELS, WHO
FALSIFIED DOCUMENTS TO JUSTIFY
STEALING PETITIONER'S PROPERTY AS A
RETALIATORY MEASURE

③ GROUND FOR RELIEF

PETITIONER'S CONSTITUTIONAL RIGHTS
UNDER THE 1st AMENDMENT WAS
VIOLATED BY PRISON PERSONNELS, WHO
COVERED UP THEIR THEFT OF PETITIONER'S
PROPERTY IN RETALIATION FOR HIS
COMPLAINTS SURROUNDING STAFF ABUSE

I

① GROUND FOR RELIEF

PETITIONER'S CONSTITUTIONAL RIGHTS
UNDER THE 14th AMENDMENT
WAS VIOLATED BY THE COURT, WHICH
ABUSED ITS DISCRETION BY DECIDING
PETITIONER DID NOT RAISE THE SAME
ISSUES BEFORE THE ADMINISTRATIVE
AGENCY, COUPLED WITH DOCUMENTAL
SILENCE OF A CONSTITUTIONAL RIGHT
VIOLATION

Ⅱ

## SUPPORTING FACTS

1. On December 16, 2005, petitioner went on a hunger strike after being seriously assaulted by Lieutenant R. Rath and Sergeant A. Amero.

2. On December 17, 2005, at approximately 7:35 p.m., Sergeant W. Patton ordered housing unit Officer L. Gordon to confiscate food items inside petitioner's cell, which consisted of 20 soups.

3. There about 8:05 p.m., Officers Barcus, McBridge and Stiles escorted petitioner to the B-yard program office to speak to Sgt Patton about his hunger strike and allegations of staff misconduct.

4. After plaintiff told the aforesaid sergeant of how he was assaulted and being harassed by custody staff, which was the reason for the hunger strike resulted in administrative segregation placement.

5. Petitioner was put inside the program office holding cage, while Officers Barcus, Stiles and McBridge went to his cell to retrieve all his property, per orders of Sgt Patton.

-1-

6. When the above mentioned officers entered the program office with petitioner's property, they immediately started confiscating all his books, thereby stating it was in retaliation for petitioner's complaints and allegations against fellow officers.

7. Upon petitioner's protest, Lieutenant J. Cummings and Sergeant D. Guimond intervened, by telling the aforementioned officers to leave petitioner's property alone.

8. Before Sgt Patton, Officers Barcus, and Stiles left the program office, they promised petitioner that they were going to make his property disappear.

9. All of petitioner's property, which consisted of five [5] boxes were placed on the table within the program office.

10. Petitioner's property was not inventoried by Officer L. Gordon or any other custody personnel, during the time plaintiff was contained inside the program office cage.

11. Petitioner was placed in administrative segregation the following day at about 12:30 A.M, by the 1st. Watch program office sergeant.

12. Petitioner's property were left on the table in the program office.

13. AT no time did petitioner see Sergeant Pfadt during the entire time of being in the program office.

14. On February 14, 2006, petitioner received his legal court documents, while housed in general population by Officers Shavers and Carter.

15. The rest of petitioner's property were missing, which consisted of three [3] boxes.

16. Petitioner made both Officers Shavers and Carter aware of his missing property, but their response were they didn't want to get involved.

17. The aforesaid officers did not sign Petitioner's property receipt CDC 1083 or itemized his property according to procedures.

18. Petitioner was handed his property receipt by the aforesaid officers, which was authored by officer L. Gordon and Sergeant A. Pfadt.

///

-3-

19. The signatures of Officer Gordon and Sgt. Pfadt was inscribed at the bottom of the property receipt, with a statement by Officer Gordon saying petitioner refused to sign the receipt on December 17, 2005, at 2140 hrs.

20. Sergeant Pfadt was not the program sergeant on B facility on the evening of December 17, 2005.

21. Officer Gordon never had the chance to inventory petitioner's property or present a property receipt for him to sign on the evening of December 17, 2005.

22. On many occasions after custody staff deliberately made petitioner's property disappear, he was approached by Sergeants Amero, Patton, Pfadt and Officers Gordon, Barcus and Stiles, who bragged, joked and teased petitioner on how they destroyed his books, family photos, cosmetics, correspondences, eye glasses and other personal effects.

23. The disappearance of petitioner's property were investigated by Sergeant Stiles, but when he found out that his wife was involved in the matter, he deliberately suppressed the facts surrounding

-11-

the issue, thereby saying petitioner gave his property away to fellow prisoners.

24. Sergeant Amero was assigned to investigate the whereabouts of petitioner's property, who admitted that the disappearance of the property were retaliatory, whereby he laughed about the matter.

25. Inmate Rod Smith, whose cell was next to petitioner's, observed Officers Barcus, Stiles and McBridge removing petitioner's property from his cell in boxes, whereas Officer Gordon only took food items at a earlier time. (Exhibit A.)

26. The deliberately calculated theft of petitioner's property was brought to the attention of the Director of Corrections, Office of Internal Affairs and Warden T. Felker, but covered up as a conspiracy. (Exhibit B.)

27. Petitioner filed a 602 appeal regarding the property theft, under log No. HDSP-06-0754, which was exhausted on the Third Level of Review. (Exhibit C.)

28. The Court abused it's discretion he deciding that petitioner failed to raised the exact issue

5.

on his administrative appeal, as raised in this action, and that the documents are silent to substantiate impairement of a constitutional right, even though the contrary is obvious. (Exhibit D.)

29. The Court's decision was affirmed in the Third Appellate District Court, as simply denied. (Exhibit E.)

30. Further affirmation was rendered in the California Supreme Court, hence echoing the same denial. (Exhibit F.)

///
///
///

MEMORANDUM OF POINTS AND AUTHORITIES

## I

PETITIONER'S FIRST AMENDMENT
RIGHTS WERE VIOLATED BY PRISON
OFFICIALS, WHO RETALIATED AGAINST
PETITIONER BY STEALING HIS PROPERTY
FOR MAKING COMPLAINTS INVOLVING
OFFICIAL ABUSE

California Code of Regulations, under 15 CCR § 3190 (S), clearly emphasize the following:

"Privilege Group A or B inmates placed in administrative segregation (AD SEG) shall have their property inventoried and stored pending the outcome of (AD SEG) placement. If the inmate is released to general population and maintains their Privilege Group A or B assignment, all allowable property shall be returned."

Of fundamental import to prisoners are their First Amendment rights to file prison grievances and to pursue civil rights litigation in the Courts. See e.g. Bruce v. Ylst, 351 F. 3d 1283, 1288 (9th Cir. 2003); Schroeder v. McDonald, 55 F. 3d 454, 461 (9th Cir. 1995). See also, Pell

v. Procunier, 417 U.S. 817, 822 (1974) ("A Prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the Corrections system.")

In the instant case, petitioner engaged in protected conduct by exercising his First Amendment right, when he complained about being assaulted and harassed by prison personnel to other prison officials, who retaliated by stealing petitioner's property as an act to deter pursuit of the allegations.

Petitioner's placement in administrative segregation as a result of his complaints against custody staff presented an opportunity for fellow staff members to teach petitioner a lesson about making such allegations. His unprotected property that were purposely left on the table inside the program office, instead of being placed in storage, became the perfect target for staff personnel to ventilate their aggravation.

///

Such blatant retaliation deprived petitioner of his First Amendment right to redress adversed prison conditions without further adversity.

## II.

THE FALSIFICATION OF DOCUMENTS
BY PRISON OFFICIALS TO JUSTIFY
THEIR THEFT OF PETITIONER'S
PROPERTY AS A RETALIATORY MEASURE,
VIOLATED HIS FIRST AMENDMENT RIGHTS

The Supreme Court has described the right to petition the government for redress of grievances as "among the most precious of the liberties safeguarded by the Bill of Rights." See, United Mine Workers v. Illinois State Bar Ass'n. 389 U.S. 217, 222, 88 S. Ct. 353, 356, 19 L. Ed. 2d 426 (1967).

Moreover, the right of petition applies with equal force to a person's right to seek redress from all branches of government. See California Motor Transport, Co., v. Trucking Unlimited, 404 U.S. 510, 92 S. Ct. 611-12.

///

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: "1) An assertion that a State actor took some adverse action against an inmate 2) because of 3) that prisoner's protected conduct, and that such action 4) harmed the prisoner and 5) was not narrowly tailored to advance legitimate correctional goals." See e.g. Resnick v. Hayes, 213 F. 3d 443, 449 (9th Cir. 2000); Barnett v. Centoni, 31 F. 3d 813, 815-16. (9th Cir. 1994).

In the instant case, prison personnel knew they did not inventoried petitioner's property until after his placement in administrative segregation. Their false statement on the property sheet that they gave petitioner the opportunity to review the listing of his itemized property was a cheap smoke screen to lay blame on petitioner for their act of stealing his property.

Petitioner never had control of his property from the moment he was placed in the program office cage, during his stay in administrative segregation and upon his release to general population for him to be at fault in the disappearance of his

property. Prison personnel fabricated excuse leading up to the intentional thef of petitioner's property was bether than no excuse in their minds, because the bottom line was that petitioner's property were missing, distroyed or disappeared under their custody, control and possession of it.

Such deliberate attempt to falsify documents in the thef of petitioner's property as a form of retaliation by prison personnel, clearly violates his First Amendment rights to seek redress of government harassment, assaults and threats.

### III.

THE COVERUP AND MOCKERY OF
THE THEF OF PETITIONER'S PROPERTY
BY PRISON PERSONNEL AS A
RETALIATORY ACT, VIOLATED HIS
FIRST AMENDMENT RIGHTS

California Code of Regulations, under 15 CCR § 3391 (a), states specifically:

"Employees shall be alert, courteous, and professional in their dealings with inmates, parolees, fellow employees, visitors and members of the public."

///

" Employees shall not use indecent, abusive, profane, or otherwise improper language while on duty. Irresponsible or unethical conduct or conduct reflecting discredit on themselves or the department, either on or off duty, shall be avoided by all employees. "

The Constitution provides protections against deliberate retaliation by prison officials against an inmate's exercise of his right to petition for redress of grievances. See, Soranno's Gasco, Inc., v. Morgan, 874 F. 2d 1310, 1314 (9th. Cir. 1989); Rizzo v. Dawson, 778 F. 2d 527 (9th. Cir. 1985)

In the instant case, prison officials assigned investigative personnel to interview petitioner about his property, who were directly involved or had direct knowledge relating to the theft of petitioner's property. These same investigative personnel and their subordinates admitted to petitioner how they had fun making his property disappear. The result of their so-called investigation deliberately covered up prison officials liability for the intentional theft of petitioner's property as a form of retaliation for his grievances and complaints against staff abuse.

///

- 12 -

These investigative personnel and the prison hierarchy knew that Sergeant Pfadt did not work on the B facility compound at the date and time he admitted on petitioner's property receipt. Furthermore, they knew that officer Gordon couldn't have itemized and packed petitioner's property on the date and time he indicated and signed on petitioner's property receipt, due to his involvement in conducting day room activities within the housing unit, close custody count and mail pick up.

The blatant cover up and mockery surrounding the intentional theft of petitioner's property by prison personnel as a form of retaliation to **deter** complaints against prison staff, seriously violated petitioner's First Amendment rights to redress the government on abuse, assault and harassment charges. Petitioner's only relief from prison officials theft of his property in retaliation for his complaints, can only be relied upon through the integrity of the Court.

### IV.

PETITIONER'S CONSTITUTIONAL RIGHTS UNDER THE 14th. AMENDMENT WAS SUPPRESSED BY THE COURT, WHICH ABUSED ITS DISCRETION BY DECIDING

PETITIONER DID NOT RAISE
THE SAME ISSUES BEFORE THE
ADMINISTRATIVE AGENCY, COUPLED
WITH DOCUMENTAL SILENCE OF
A CONSTITUTIONAL RIGHT VIOLATION

A prima facie case is "[S]uch as will prevail until contradicted and overcome by other evidence... A case which has proceeded upon sufficient proof to that stage where it will support finding if evidence to the contrary is disregarded." Black Law Dictionary 1189-90 (6th. ed. 1990)

The gravamen of petitioner's exhausted 602 appeal is that prison officials deliberately stole his property as a retaliatory measure, while he was housed in (ad/seg). This is a crucial point claimed in this action, which is undisputed from the attached documents herewith, therefore, the Court's Concoction of the contrary is a grave miscarriage of justice. The Court never demonstrated the issues petitioner did not raised in his exhausted appeal, which was being presented before the Court, nor did the Court show how petitioner did not validate denial of his Constitutional rights within the body

-14-

of the grievance, or could pinpoint in the appeal where petitioner outlined the theft of his property as being a negligent act on the part of prison officials.

In making findings, a judge must acknowledge significant portions of the record, particularly where they are inconsistent with the judge's findings. The process of explaining and reconciling seemingly inconsistent parts of the record lay bare the judicial thinking process, enabling a reviewing Court to judge the rationality of the fact finder's reasoning. On occasion, an effort to explain what turns out to be unexplainable will cause the finder of fact to change his/her mind. By contrast, failure to take into account and reconcile key parts of the record cast doubts on the process by which the finding was reached, and hence on the correctness of the finding. See, e.g., Gui v. INS, 280 F. 3d 1217, 1228 (9th Cir. 2002); Winias v. Bowen, 853 F. 2d 643, 647 (9th Cir. 1988)

For the Court to disregard the undisputed facts and evidence in this action, by denying its existence is a mockery of the fact finding process,

which deserves reversal in the interest of justice.

— CONCLUSION —

As revealed, petitioner was deliberately deprived of his property as a retaliatory measure by prison officials, who essentially stated that petitioner was to blame for their theft of his property, which was under their possession, custody and control.

The absence of petitioner's signature on his property receipt does not attest to him being responsible for the theft of his property, while detained in (ad/seg). Such reasoning is totally preposterous and contrary to logic. The Court abused its discretion by distorting the undisputed facts and evidence herein, whereby petitioner suffered immensed prejudice.

As such, petitioner's only relief from these series of injustices is through this Court's judicial integrity.

WHEREFORE, petitioner prays this Court issue the following:

1. Order to Show Cause;
2. Evidentiary hearings;

3. Restoration of petitioner's property listed as: (7) Seven Bars of Soap, (3) three tooth pastes, (8) Baby powders, (5) five Shampoos, (4) hair greases, (8) eight ink pens, (1) one bowl w/ lid, (2) after Shave, (7) Seven deodorants, (7) lotions, (8) eight CoCo butter Sticks, (6) noxema cream, (2) two tooth brushes, (2) two Baby oils, (2) two wave caps, (2) two Shower Slippers, (1) one watch cap, (1) Baseball caps, (1) once hair brush, (1) one sun glasses, (80) eighty manila envelopes, (1) one prescription glasses (1) one tumbler /w lid, (20) twenty family pictures, (1) one daughter's birth Certificate, (1) Anti Fungal cream, (1) one box of coloring pencils, personal Correspondences; 26 books entitled: The Prisoner's Guide to Survival, Stand and Deliver: Political Activism, Intellectual Property Reports, Six Black Presidents, Unseen Hand, Behold The Pale Horse, 48 Laws of Power, Patent IT Yourself, REPresent Yourself In Court, African People and European Holidays, Volume 1 & 2, How To Make Patent Drawings Yourself, How To Write A Business Plan, BLack Law Dictionary, Webster Dictionary, Secret Tools For Post-Conviction Relief, How To Form Your Own Partner-ship, Holy Quran, California Penal Code, California State Rules of Court,

Prisoner's Self-Help Litigation Manual, Protecting Your health and Safety, Federal Rules of Court, Federal Rules of evidence, Federal Civil Judicial Procedure and Rules and The Law of Sentencing, Corrections, and Prisoner's Rights.

4. Appointment of Counsel;

5. Any thing else the Court May deem appropriate and just.

DATED: 2-27-08

RESPECTFULLY SUBMITTED,

CHARLES CHATMAN
PETITIONER

# EXHIBIT A

ROD SMITH, V74703                               DECEMBER 17, 2005
B2-149L, P.O. BOX 3030
SUSANVILLE, CA. 96127

<u>SWORN DECLARATION</u>

RE; CHARLES CHATMAN (B2-148L), P99062

I ROD SMITH, DECLARE;

ON OR ABOUT DECEMBER 17, 2005, AT APPROXIMATELY
1930 HRS/7:30 PM, CALIFORNIA DEPARTMENT OF CORRECTION
OFFICER (L. GORDON) PERSONALLY WENT TO INMATE CHARLES
CHATMAN ASSIGNED CELL 148L, IN (HDSP) BUILDING "B2"
AND ENTERED THE CELL OF 148L AND PERSONALLY PRO SE
CONFISCATED INMATE CHATMAN'S PERSONAL FOOD ITEMS,
DUE TO CHATMAN BEING ON AN "<u>HUNGER</u>" STRIKE, AFTER
THEN, I PERSONALLY OBSERVED INMATE CHATMAN BEING
ESCORTED FROM HIS ASSIGNED CELL 148L, BY TWO CDC
UNKNOWN OFFICERS TO AN UNKNOWN LOCATION, OUTSIDE
BUILDING "B2". AT ABOUT 2010 HRS/8:10 PM, I OBSERVED
CDC OFFICERS, BARCUS AND STILES AND MCBRIDE ENTER
INMATE CHATMAN'S CELL 148L AND PERSONALLY REMOVED
ALL OF CHATMAN'S PERSONAL PROPERTY FROM WITHIN THE
ASSIGNED CELL 148, AND PLACED IT IN BOXES WITHOUT INMATE
CHATMAN BEING PERSONALLY PRESENT,

I VERIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING
IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE

SINCERELY,

R. Smith
SMITH, R. V74703 (12/17/05

# EXHIBIT B

Feb. 26, 2006

**RECEIVED**
MAR 2
~~FEB~~ 0 3 2006

CDCR Office of Internal Affairs

Charles Chatman
# P99062
P.O. Box 3030
Susanville, CA 96127

Department of Corrections
Office of Internal Affairs
P.O. Box 3009
Sacramento, CA 95812

Dear Sy/Madon:

Please take notice that Sgt. A. Amero here at High Desert State Prison has orchestrated a conspiracy among Sgt. Patton, Sgt. Pfadt, Officer Barcus and Officer C. Hougland to dispose of all my cosmetics, books, prescription glasses, family photos and personal addresses, as a form of reprisal for filing grievances, complaints and civil litigations against staff abuse.

Furthermore, Sgt. A. Amero has taken it upon himself to withold most of my legal documents from six pending civil cases in which two of them is against him. I brought the matter to the attention of Warden T. Felker, Captain R. Gower and Lieutenant R. Plainer, who at different occasions

Jocnwsk Review
3.23.06

5 Propint
Storage/Space

Pg. 2

told Sgt. Amaro to relinquish my property, but refused to comply.

As a result of this systematic misconduct I am unable to prosecute my cases with regular deadlines. As well, I am unable to maintain my hygiene, read and write without eye strain or make contact with friends.

The 602 appeals filed on the matter is to no avail, as underground rules here at Flight Desert dictates the daily operation of the institution, as opposed to the Director's prison mandates.

I would gladly appreciate your intervention for an investigation to rectify the situation, while thanking you in advance for your time and attention.

Yours Truly,
Charles Croth

## CERTIFICATE/DECLARATION/PROOF OF SERVICE BY MAIL

**CASE NAME:**

**CASE NO. :**

I declare:

I, *CHARLES CHATMAN* , am a resident and currently incarcerated in the Calif-
ornia Department of Corrections(CDC), in the County of *LASSEN* , State of California.
I am 18 years of age or older and am a party in the above entitled action; I am familiar with the
business practice within the CDC for collecting and processing of correspondence for mailing with the
United States Postal Service. In accordance with that practice, the attached correspondence was placed
in the internal mail collection system at the CDC, and was deposited with the United States Postal
Service that same day in the ordinary course of business, thus, deemed "Filed." (HOUSTON VS. LACK.)
On *Feb.    26* , *06* , I Placed The Attached Document(s)

*COMPLAINT  LETTER*

In the internal mail collection system at *HIGH DESERT STATE PRISON*
*P.O. Box 3030, Susanville* , California *96127* , for deposit in the United
States Postal Service that same day in the ordinary course of business, in a sealed envelope, postage
thereon fully prepaid, and addressed as follows:

*DEPARTMENT OF CORRECTIONS*
*OFFICE OF INTERNAL AFFAIRS*
*P.O. Box 3009*
*SACRAMENTO, CA  95812*

Pursuant to 28 U.S.C. § 1746, I, _____ , declare and verify under penalty
of perjury under the laws of the United States of America that the foregoing is true and correct.
Executed this *26 th* day of *Feb.    06* , at *Susanville*
California.

State of California

Department of Corrections and Rehabilitations
High Desert State Prison

# Memorandum

Date    March 17, 2006

To    Inmate Chatman, CDC #: P99062
Housing: B3-104

Subject:    **CORRESPONDENCE REGARDING PROPERTY AND STAFF**

This memorandum is in response to your letter dated February 28, 2006, in which you are alleging misconduct by High Desert State Prison (HDSP) staff. You also allege that staff on Facility B are conspiring against you.

In reviewing your letter, the issues that you raise are more appropriately addressed through the inmate appeal process, per your rights as listed in the California Code of Regulations (CCR) Title 15, Section 3084 through 3085 inclusive. The inmate appeal process was designed for inmates to express their dissatisfaction with any decision or act that they perceive as having an adverse effect upon their welfare [CCR Title 15 Section 3084 (a)]. By utilizing the inmate appeal process, you will both address your issues through the appropriate chain-of-command and receive information regarding the current California Department of Corrections and Rehabilitation (CDCR) procedures and policies regarding your issue(s).

To date, the Appeals Office records indicate that you are familiar with the inmate appeal process. You have filed seventy-seven (77) inmate appeals within the past couple of years. Several of your appeal issues include staff complaints and property issues. You currently have an appeal, log number HDP-B-06-00459, which has not been completed. It is due for completion by April 5, 2006. This appeal deals with basically the same issue regarding your property as your letter does. You will be interviewed regarding this appeal and your property issue.

In some of your property issue appeals you refer to legal property and in some you refer to property losses such as your letter addresses. Appeal log number HDSP-B-05-00726, has been processed through the third level appeal. This appeal dealt with basically the same property issues as your letter, and was denied at all three levels. Your property loss issue has been thoroughly investigated and throughout all the investigations, it has been determined that HDSP does not accept liability for your allegations of loss of property.

The Department Operations Manual (DOM), Article 43, Inmate Property (revised December 30, 2005) Section 54030.4, Amount of Property Allowed, reads in part: *"The combined volume of state-issued and authorized personal property shall not exceed six cubic feet."* In addition, Section 54030.10.2, Legal Materials, states in part: *"Inmates may possess legal materials/documents and/or books in their living quarters consistent with the six cubic foot limitations. In addition to the six cubic feet limitation of authorized property, inmates may possess up to one cubic feet of legal materials/documents related to their active cases in their*

Chatman, P99062
06-IC-046
Page 2 of 2

*assigned quarters. Inmates shall have access to their stored legal material one time per week, if they have an active case."* Inmate Chatman, you are required to have documentation indicating that the legal material you would like to have access to is for an active case. You may have access, with prior requested approval, once a week for active cases only. All staff at HDSP follows all policies and procedures.

The staff complaint appeals that you have filed have been thoroughly investigated and these investigations have proven that your allegations of staff misconduct and conspiracy are unsustained.

This is the third correspondence received from you within the last month in the Warden's Office. It is expected that the chain-of-command will be followed in the future. You indicate in this correspondence that this will be your last correspondence to the Warden's office regarding your personal property. This is a very positive step forward, as your attempts to resolve your issues at the lowest level possible via the inmate appeals process is the correct avenue for you to follow.

T. FELKER
Warden (A)


c:   Inmate Central File

State of California

Department of Corrections and Rehabilitation
High Desert State Prison

# Memorandum

Date:   April 14, 2006

To:   Inmate Chatmon, P-99062
      FBB2-115U

Subject:   **CORRESPONDENCE RESPONSE**

This memorandum is in response to your letter to the Director of Corrections and
Rehabilitation dated January 16, 2006. Your letter was forwarded to High Desert State
Prison (HDSP) for response. In your letter, you make allegations of misconduct on the part
of several HDSP Facility B staff. Specifically, you claim that you are being unduly
harassed, and that your property is being taken and destroyed.

In reviewing these matters, I requested that the Inmate Appeals Office review their records
to determine if you had filed any staff complaints on your allegations regarding Facility B
staff.    Per the inmate appeals office, you have not filed a staff complaint; however you
have filed an inmate appeal regarding your property concerns.  This appeal, 06-754, is
currently being responded to at the first level with a due date of May 2, 2006. In your letter
you have not provided me with any evidence or documentation to support your allegations
of staff misconduct.  If you have any evidence to support these claims, please forward it to
me and I will launch an investigation into your allegations.   I encourage you to utilize the
inmate appeal process to address any grievance you may have.

If you do indeed have evidence to support your claims of staff misconduct, I again strongly
request that you provide me with the documents so that your claims can be thoroughly
investigated.

T. FELKER
Warden (A)

May 28, 2006

P99062
P.O. Box 3030
Susanville, CA 96127

Warden T. Felker
475-750 Rice Canyon Rd.
Susanville, CA 96130

Dear Warden Felker,

This letter is in response to your memorandum dated April 14, 2006. It entails the deliberate theft of my personal property as a form of retaliation by your subordinates, and not any other issue at this time, related accordingly:

On December 17, 2005, I was placed in ad/seg resulting from being on a hunger strike, while alleging staff misconduct. (See Exhibit A1) Before I was taken to the program office for an interview, C/o L. Gordon came into my cell to confiscate my food, then disposed of it without providing a receipt. While inside the 8-yard program office cage, Sgt Patton ordered C/o Barcus, C/o Stiles and C/o McBride to retrieve my property from the cell, which was placed on a table in the program office.

— 1 —

During this time an arguement between Sgt. Patton, C/o Stiles, C/o Barcus and I initiated over them trying to steal my books, because they didn't like the fact of my staff complaints concerning Lieutenant C. Beckman, Lieutenant R. Rath and Sergeant A. Amero, which came from their own admission. After much heated words were exchanged, both Lieutenant J. Cummings and Sergeant D. Guimond intervened by ordering the aforementioned staff to leave my property alone. Thereafter, Sergeant Guimond repacked my books in a box, then secured the cover, which was left on top of the table with the rest of my property. At the end of the 2nd shift C/o Gordon came inside of the program office, whereupon, he said that he anticipate and welcome me back to the housing unit after my hunger strike, then he went home. This was witnessed by Sgt. Guimond, who left the program office about 15 minutes after C/o Gordon, however, the next day when C/o Gordon came to work he inventoried some of my property, then lied about me refusing to sign the property form CDC 1083 upon presentation on the same date my property were brought into the program office by C/o Stiles, C/o Barcus and C/o McBridge.

-2-

For unknown reasons Sergeant A. Pfadt put his name on the CDC 1083 form as confirmation to C/o Gordon's lie that I refused to sign. (Exh. A2)

All of my books, cosmetics, family pictures, personal letters, addresses, manila envelopes, prescription glasses, food, daughter's birth certificate and other personal effects was disposed of by your subordinates as a form of reprisal for my litigations. The above items was accounted for three weeks prior to their disappearance by C/o Park and C/o A. Harrod on a separate CDC 1083 form. (Exh. A3-13)

On February 14, 2006, I received a cubit foot of my legal property from C/o Shaver and C/o Carter, who both acknowledged that I was missing all the other property as stated above, but refused to itemize the property in their possession, while storing the rest of my legal property in the program office without legitimate reason, which prompted me to file a 602 appeal on the matter, hence resulting in it being resolved after my receipt of the rest. (Exh. B1-3)

On numerous occasions Captain R. Glover and Lieutenant R. Plainer ordered Sgt. A. Amero to retrieve my non legal property, but to no avail.

On March 17, 2006, I had an interview with Sergeant Lawrence, Sergeant Stiles and C/O Shaver regarding the disappearance of my aforementioned property, which resulted in emptied futuristic promises that my property would be found or reimbursed in full. I filed a 602 appeal under HDSP 06-754 with Sgt. Stiles as the interviewer, who not only justified the theft of my property and the cover up thereof, but refused to interview my suggested witnesses and involved parties. When I brought up the fact of his wife's involvement he became indifferent to everything else I had to say on the matter, while refusing to view my documented evidence, thereby denying me the opportunity to be heard. Sergeant Amero was present during the entire interview with a big smile on his face, even though he was one of the main culprits in the theft of my property. Associate Warden I. Perez answered the appeal on the first level, whereby he basically said that I forfeited all claims to my property, due to the statements

-4-

of both Sgt. Pfadt and C/o Gordon indicating that I refused to sign the CDC 1083 form. Also, Mr. Perez alluded to me giving all my property away to fellow prisoners, which actually shows his biased input.

After bringing the matter to the attention of Captain Gower, he reassigned Sgt. Amero the task of finding my property, who told me that I forfeited it per institutional policy stemming from Sergeant Pfadt and C/o Gordon statement of my alleged refusal to sign the CDC 1083 form.

For the record, I am not going to engage your subordinates in an arguement about my stolen property, but will be filing an injunction to the Eastern District Court within a few days upon your receipt of this complaint. Immediately thereafter, I will be filing formal complaints to the Governor's Office, Federal Attorney General, Director of Corrections and the list goes on indefinately. A copy of each complaint will be forwarded to your office for your personal attention.

Thank you!!!

Yours Truly,

Charles Chitz

CC: File

—5—

## VERIFICATION— ACCUSATION

I, _CHARLES CHATMAN_, am the person who is filing the Accusation. I certify and declare that I have read the foregoing, that I know its contents, and that I am informed and believe the matters stated within are true.

I declare under penalty of perjury and the laws of the State of California that the foregoing is true and correct.

Executed this _28 ᵀʰ_ day of _May_, 20_06_,

at _Susanville_, California.

_Charles Chat_
(Your Signature)

## PROOF OF SERVICE—

I hereby declare that I am a citizen of the United States, that I am

over 18 years of age, and that I am ☑ I am not ☐ a party to the within

action.    I am    employed ☐/ reside ☑ in the County of

_LASSEN_    , and my business address ☐/residence address ☑ is

_HIGH DESERT STATE PRISON, P.O. BOX 3030, SUSANVILLE, CA· 96127_

On _MAY 28_    , 20_06_, I served a true and correct

copy of the attached Accusation on the within parties in a sealed envelope
                                    T· PEREZ, ASSOCIATE WARDEN
addressed as follows:               4A5 - 750 RICE CANYON RD.
                                    SUSANVILLE, CA· 96130
WARDEN T· FELKER
4A5 - 750 RICE CANYON RD.           R· GOWER, FACILITY CAPTAIN
SUSANVILLE, CA 96130                4A5 - 750 RICE CANYON RD.
                                    SUSANVILLE, CA 96130

[MAIL]. I caused such envelope with postage thereon fully prepaid to be

placed in the United States mail at _SUSANVILLE_    ,

California.

I declare under penalty of perjury, under the laws of the State of

California, that the foregoing is true and correct.

Executed on _MAY 28_, 20_06_, at _SUSANVILLE_, California.

_CHARLES CHATMAN_                   _[signature]_
(Type or print your name)          (Your Signature)

# EXHIBIT C

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    AUG 2 5 2006

In re:   Chatman, P-99062
         High Desert State Prison
         P.O. Box 270220
         Susanville, CA 96127

         IAB Case No.: 0514884          Local Log No.: HDSP 06-0754

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Floto. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that staff inventoried and packaged his property upon his transfer to the Administrative Segregation Unit (ASU). He claims that staff negligently lost some of his property items upon his placement in the ASU. The appellant alleges to be missing cosmetics, photographs, prescription eyeglasses, his daughter's birth certificate, paperwork and 20 soups. He requests to be reimbursed for the cost of the missing property items.

**II   SECOND LEVEL'S ARGUMENT:** The reviewer found that the appellant's property was processed appropriately. All of his property items were gathered inventoried upon his placement in ASU. The items in question were neither in his possession nor were they confiscated by staff. There is no evidence of staff negligence in the handling of his property.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   **A.   FINDINGS:** An investigation was conducted into the appellant's allegations. The appellant has not presented a compelling argument to warrant modification of the decision reached by the institution. The Department does not accept liability for the loss of inmate personal property unless it is established that such loss was the result of employee negligence. There is no evidence of staff negligence in the processing of his property.

   **B.   BASIS FOR THE DECISION:**
   California Code of Regulations, Title 15, Section: 3084.7, 3190, 3193, 3343

   **C.   ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the appellant may forward this issue to the Victims Compensation and Government Claims Board, Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035 for further review.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, HDSP
       Appeals Coordinator, HDSP

R22

State of California

Department of Corrections & Rehabilitation
High Desert State Prison

# Memorandum

Date    :    May 23, 2006

To    :    Inmate Chatman, CDC # P-99062
Housing Unit: B2-115L

Subject:    **HDSP APPEAL LOG # HDSP-B-06-00754**
**SECOND LEVEL APPEAL RESPONSE**

APPEAL DECISION:  Appeal denied.

APPEAL ISSUE:  You stated in your first level appeal that on February 14, 2006, you returned from the Administrative Segregation Unit (ASU) and Correctional Officer Shaver returned your property to you.  You noticed that you were missing some property: all of your cosmetics, family pictures, prescription glasses, your daughter's birth certificate and personal paperwork and 20 soups. You stated that you feel staff is retaliating against you for the staff complaints that you have filed by taking your property.  You requested that your property be returned and for all staff involved to be brought up on charges.  You state in your second level that you are dissatisfied with the first level response. You state in your second level appeal that "contrary to the response there were no staff personnel interviewed on the matter, which indicates a cover-up." You claim Lt. Cummings, Sgt Guimond, Officer Shaver and Officer Carter were by-passed.

APPEAL RESPONSE:  Inmate Chatman, in reaching a decision on your appeal, your CDC-602 and its attachments, applicable sections of the California Code of Regulations (CCR) Title 15, Department Operations Manual (DOM), and your interview on April 28, 2006, with Correctional Sergeant (Sgt.) Stiles were reviewed and considered.

A review of the High Desert State Prison "Effective Communication List for Inmates with TABE Reading Scores 4.0 or Less" indicates that you do not need assistance to achieve effective communication.

A review at the second level of your issue reveals that the CDC 1083, Inmate Property Inventory dated Nov 4, 2005, and Dec 17, 2005, clearly indicates that none of the items you state are missing are listed and you refused to sign or acknowledge the inventory of your property.

Sgt Stiles interviewed Officer Gordon regarding this issue. Officer Gordon stated that all of your property that was in your cell was removed, inventoried and packed up.

On May 18, 2006, Sgt. Amero conducted a thorough investigation and interviewed Sgt. Stiles concerning the first level response. Sgt. Stiles indicated that after reviewing your 1083 property receipts and interviewing Officer Gordon, it was apparent that you refused to acknowledge or inspect your property so that you could file an appeal in an attempt to retrieve items that you no longer possessed. Sgt. Stiles indicated that per his conversation with Officer Gordon all of your property

State of California

Department of Corrections & Rehabilitation
High Desert State Prison

# Memorandum

Date   :   May 1, 2006

To     :   Inmate Chatman, CDC # P-99062
           Housing Unit: B2-115

Subject:   **HDSP APPEAL LOG # HDSP-B-06-00754**
           **FIRST LEVEL APPEAL RESPONSE**

APPEAL DECISION:  Appeal denied.

APPEAL ISSUE:  You state that on February 14, 2006, you returned from the Administrative Segregation Unit (ASU) and Correctional Officer Shaver returned your property to you.   You noticed that you were missing some property: all of your cosmetics, family pictures, prescription glasses, your daughter's birth certificate and personal paperwork and 20 soups.  You feel that staff is retaliating against you, by taking your property, for the staff complaints that you have filed.  You request that your property be returned and for all staff involved to be brought up on charges.

APPEAL RESPONSE:  Inmate Chatman, in reaching a decision on your appeal your CDC-602 and its attachments, applicable sections of the California Code of Regulations Title 15, Department Operations Manual, and your personal interview with Correctional Sergeant (Sergeant) J. Stiles on April 28, 2006, were all reviewed and considered.

A review of the High Desert State Prison "Effective Communication List for Inmates with TABE Reading Scores 4.0 or Less" indicates that you do not need assistance to achieve effective communication.

On April 28, 2006, at approximately 1120 hours during your interview with Sergeant Stiles, you stated that you feel that several Correctional Officers are continually harassing you, and you believe that they discarded your property as a form of retaliation for the staff complaints that you have filed in the past and you are requesting that all the Officers that are involved to be brought up on charges, and for all of your property to be replaced. During you interview, Sergeant Stiles reviewed your attached documentation, including your 1083 Inmate Property Inventory form. Your 1083 reflects that on December 17, 2005, you refused to sign it at the time that you were placed in ASU. Sergeant Stiles informed you that he interviewed the staff members who packed your property at the time of your placement in ASU and they stated that they packed everything that was in your assigned cell at the time. Sergeant Stiles explained to you that at no time are inmates allowed to loan out their property to other inmates and at the time of your placement you were to review your inventory sheet to make sure all your property was accounted for. Your request for all staff involved to be brought up on charges is outside the scope of the Inmate Appeal process and is therefore denied. In addition, the Appeals office assigned your appeal as a property issue, not as a staff complaint, therefore; only your property issue was investigated.

Based on the information above, your appeal has been denied.

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on the back of your appeal form.

T. PEREZ
Associate Warden
Complex I

c:   Inmate Central File
     Appeals File

— 825 —

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region   HDSP-B
1. _____
2. _____

Log No.   06-0754
1. _____
2. _____

Category   #5 Property
Segregation/SHV



You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME  Charles Chatman   NUMBER P99062   ASSIGNMENT —   UNIT/ROOM NUMBER  B2-115

A. Describe Problem: On Feb. 14, 2006, appellant received a small portion of his property from C/o Shaver and C/o Carter, which supposedly were itemized by C/o Gordon after appellant went to Ad/Seg. Upon receipt appellant immediately noticed that all of his cosmetics and books missing, which was a deliberate act of retaliation by Sgt. Patton, Sgt. Pfadt, Sgt. Romero, C/o Barcus and C/o Hougland & other staff.

If you need more space, attach one additional sheet.   Complaints. (See Attached Sheet)

B. Action Requested: For all involved staff personnels that aided and abetted with each other to discard appellant's cosmetics and books as a form of removal be brought from on departmental charges. For the return of appellant's property.

Inmate/Parolee Signature: Charles Chatman   Date Submitted: 2-22-06

C. INFORMAL LEVEL (Date Received: 3-16-06 )   (DENIED)
Staff Response: ON 12-17-05, I ATTEMPTED TO HAVE YOU VERIFY YOUR PROPERTY INVENTORY. YOU REFUSED TO SIGN OR EVEN LOOK AT YOUR PROPERTY INVENTORY SHEET. IF YOU WOULD HAVE TAKEN THE TIME TO CHECK THE INVENTORY I WOULD HAVE BEEN ABLE TO TRACK DOWN ANY AND ALL MISSING PROPERTY. YOU REFUSED TO SIGN INVENTORY SHEETS ON 11/4/05 AND 11/29/05.

Staff Signature: _____   Date Returned to Inmate: 3-16-06

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

The above narration never occurred, because my property was uninventoried the next day outside of my presence, which can be confirmed by Sgt. Guimond and Lieutenant Cummenings, who were on duty at the time.

Signature: Charles Chatman   Date Submitted: 3-19-06

Received

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim
FEB 27 2006

Received   B2-6
MAR 20 2006

Received   CDC Appeal Number:
MAY 15 2006

First Level    ☐ Granted    ☐ P. Granted    ☑ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: __4-11-06__    Due Date: __5-2-06__

Interviewed by: _____

_____

_____

_____

Staff Signature: _____    Title: __SGT.__    Date Completed: __4/07/06__

Division Head Approved:

Signature: _____    Title: __AW__    Returned Date to Inmate: __MAY 0 4 2006__

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Contrary to the response there were no staff personnels interviewed on the matter, which indicates a Cover up!!! Appellant witnesses Consisting of Lt. Cummings, Sgt. Guemond, C/O Shaver and C/O Carter were by-passed!!!

Signature: __Charles Chat__    Date Submitted: __5-14-06__

Second Level    ☐ Granted    ☐ P. Granted    ☑ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: __5-15-06__    Due Date: __6-23-06__

☐ See Attached Letter

Signature: __Charles Chatman__    Date Completed: __5-5/19/06__

Warden/Superintendent Signature: _____    Date Returned to Inmate: __MAY 2 6 2006__

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Appellant never had the opportunity to review anything before he discovered his property missing. C/O Shaver and C/O Carter never inventoried appellant's property upon giving it to him, nevertheless, they witnessed that his property were in fact missing! Sgt. Stiles, wife, C/O Stiles was one of the individuals (see Sheet B)

Signature: __Charles Chat__    Date Submitted: __6-7-06__

For the Director's Review, submit all documents to:    Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

........................................................................................

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☑ Denied    ☐ Other _____

☐ See Attached Letter    AUG 2 5 2006

__B27__ —    Date: _____

CDC 602 (12/87)

– Attached Sheet –

The same staff personnels stoled appellants
family pictures, prescription glasses, daughter's birth
certificate and personal papers consisting of addresses,
Correspondences etc. Also, C/o Harder personally
discarded appellant's (30) soups and later on
laughed about the matter.
DATE: FEBRUARY 22, 06

x _Charles Clate_

(Attached Sheet B)

who disposed of appellant's property, which was
brought to the attention of the said sergeant
during the first level interview, but instead of
resigning from the hearing he decided to cover up
the entire incident by refusing to take statements
from my witnesses, while suppressing my documents.
Sgt. Alvero was another culprit to the theft and
destruction of my property, who was assigned by
Capt. R. Hower to investigate the matter, which
was based upon prejudice and mockery.

)11

1 h

1

Charles Cott

STATE OF CALIFORNIA
**INMATE PROPERTY INVENTORY**
CDC 1083 (Rev 2/00)

DEPARTMENT OF CORRECTIONS

| INMATE'S NAME Chatman | CDC NUMBER P99062 | PRIVILEGE GROUP | INSTITUTION HDSP | DATE 12-17-05 |
| PROPERTY INVENTORIED BY Gordon | TITLE C/O | REASON FOR INVENTORY Ad Seg Placement | | NUMBER OF BOXES |

## CANTEEN ITEMS

| | | | |
|---|---|---|---|
| ☐ Cereal | ☐ Cheese | | |
| ☐ Cocoa | ☐ Cookies | | |
| ☐ Crackers | ☐ Creamer | | |
| ☐ Dry Meat | ☐ Dry Drink Mix | | |
| ☐ Health Food | ☐ Protein Supplement | | |
| ☐ Vitamins | ☐ Soup | | |
| ☐ Nuts | ☐ Sugar Cubes | | |
| ☐ Tea | ☐ Instant Coffee | | |
| ☐ Soda | ☐ Peanut Butter | | |
| ☐ Jelly | ☐ Chips | | |
| ☐ Honey | ☐ Pork Rinds | | |
| ☐ Hot Sauce | | | |

### Stationary Items
| | |
|---|---|
| ☒ Envelopes Partial | ☐ Stamps |
| ☐ Stamped Envelopes | ☐ Greeting Cards |
| ☐ Writing Tablets | ☐ Stationary |
| ☐ Pencil Sharpener | ☒ Pens 8 |
| ☐ Writing Paper | ☐ Pencils |

### Hygiene Items
| | |
|---|---|
| ☐ Razor | ☐ Tweezers |
| ☐ Shaving Cream | ☒ After Shave 2 |
| ☐ Nail Clippers | ☐ Nail Polish |
| ☒ Soap 7 | ☒ Soap Dish 1 |
| ☒ Toothpaste 3 | ☐ Mouthwash |
| ☒ Baby Powder 8 | ☐ Talc |
| ☒ Shampoo 5 | ☐ Conditioner |
| ☒ Hair Grease/Gel 4 | ☒ Deodorant 4 |
| ☐ Perm Kit | ☐ Mirror |
| ☐ Nail Polish | ☐ Foundation |
| ☐ Makeup Ball | ☐ Blush |
| ☐ Mascara | ☒ Other 10/7/05 |

### Tobacco Items
| | |
|---|---|
| ☐ Pipe Tobacco | ☐ Chewing Tobacco |
| ☐ Other Tobacco | ☐ Cigarette Lighter |
| ☐ Tobacco Pouch | ☐ Cigarette Case |
| ☐ Cigarette Roller | ☐ Smoking Pipe |

### Other Items
| | |
|---|---|
| ☐ Immersion Heater | ☒ Tumbler w/lid |
| ☒ Bowl w/lid | ☐ Can Opener |
| ☐ Shoe Polish | ☐ Extension Cord |
| ☐ Batteries | Size: _____ |

## PERSONAL ITEMS

| | | | |
|---|---|---|---|
| ☐ Photo Albums | ☐ Photos | | |
| ☐ Cassette Tapes | ☐ CDs | | |
| ☐ Religious Medallion | ☐ Ring G S | | |
| ☐ Chain G S | ☐ Earrings G S | | |
| ☐ Watch G S | ☐ Wallet | | |
| ☒ Prescription Glasses | ☒ Sunglasses | | |
| ☐ Handkerchief | ☐ Wash Cloth | | |
| ☐ Magazines | ☐ Books | | |
| ☐ Address Book | ☐ Calendar | | |
| ☐ Shoe Horn | ☐ Shaving Bag | | |
| ☒ Brush | ☐ Comb | | |
| ☐ Cosmetic Bag | ☐ Perm Rods | | |

### Clothing Items
| | |
|---|---|
| ☒ B/B Hat 1 | ☒ Watch Cap 2 |
| ☐ Head Band | ☐ Gloves |
| ☒ Shower Thongs 2 | ☐ Slippers |
| ☐ Sweat Pants | ☐ Sweat Shirt |
| ☐ Tennis Shoes | ☐ Raincoat |
| ☐ Thermal Top | ☐ Thermal Pants |
| ☐ Bras | ☐ Panties |
| ☐ Gym Shorts | ☐ Athletic Supporter |
| ☐ Slip | |

### Games
| | |
|---|---|
| ☐ Chess | ☐ Checkers |
| ☐ Dominoes | |

Other Privozee 3
Legal papers     Tooth brushes
Personal Papers 4
Oil 2     Eye Drop 1
Anti Fungal 1     Skin Cream 6
Wave Cap 3
8 1/2 Cigs Butters
Colored Pencils

### Hobby Items
N/A

## NON-EXPENDABLE ITEMS

| | | |
|---|---|---|
| ☒ Television | | ☐ A/C Adapter |
| Operational ☐ Yes ☐ No | | |
| Model: _____ | | |
| SR/N: _____ | | |
| ☐ CD/Cassette Player | | ☐ A/C Adapter |
| Operational ☐ Yes | | |
| Model: _____ | | |
| SR/N: _____ | | |
| ☐ Radio | | ☐ A/C Adapter |
| Operational ☐ Yes ☐ No | | |
| Model: _____ | | |
| SR/N: _____ | | |
| ☐ Musical Instrument | | |
| Operational ☐ Yes ☐ No | | |
| Type: _____ | | |
| Model: _____ | | |
| SR/N: _____ | | |
| ☐ Typewriter | | |
| Operational ☐ Yes ☐ No | | |
| Model: _____ | | |
| SR/N: _____ | | |
| ☐ Fan | | |
| Model: _____ | | |

N/A

| | |
|---|---|
| ☐ Lamp | ☐ Electric Shaver |
| ☐ Blow Dryer | ☐ Hair Dryer |
| ☐ Curling Iron | ☐ Hair Rollers |
| ☐ Pressing Comb | ☐ Calculator |

All non-operational items shall either be repaired, sent home, or disposed of. Note disposition of the item below:

N/A

| Inmate's Signature Noting Disposition | Date |

---

| TO BE SIGNED UPON INVENTORY OF THE INMATE'S PROPERTY | TO BE SIGNED UPON RETURN TO THE INMATE |
|---|---|
| The above listed items constitute all of the personal property which I am authorized to retain. | I have received all the above listed personal property or have noted any discrepancies below: |
| INMATE'S SIGNATURE REFUSED TO SIGN    DATE 12-17-05 | INMATE'S SIGNATURE:    DATE: |
| RECEIVED IN R&R BY:    INSTITUTION    DATE | B30 |

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

**INMATE PROPERTY INVENTORY**

*8 Boxes.*

CDC 3083 17(8/7)

| INMATE'S NAME | CDC NUMBER | INSTITUTION | QUAD | ROOM NUMBER | DATE |
|---|---|---|---|---|---|
| Chatmon | P-99062 | HDSP | | | 11-04-05 |

| PROPERTY INVENTORIED BY | TITLE | REASON FOR INVENTORY |
|---|---|---|
| Park + A. Harrod | C/O | Ad-Seg. |

## CANTEEN ITEMS

- ☒ DEODORANT 7    1 Hair Band
- HAIR: ☒ GREASE 2
  - ☒ SHAMPOO 6
  - ☐ PERM KIT
- ☐ NET
- ☐ SPRAY
- ☐ CONDITIONER
- LOTION: ☐ TANNING   ☒ BABY OIL 2
  - ☒ HAND 6   ☒ NOXEMA 6
- POWDER: ☐ TALC   ☐ FOOT
- RAZOR: ☐ BLADES   ☐ DISPOSABLE
- ☒ SHAVING CREAM 3   8 BABY powder
- ☐ AFTER SHAVE   1 ALOE Lotion
- ☐ SHOE POLISH   7½ cocoa Butter
- SOAP: ☒ BARS 9   ☐ LIQUID
- ☒ SOAP DISH 1   ☐ MOUTHWASH
- TEETH: ☒ PASTE 3   ☒ BRUSH 2
  - ☒ HOLDER 1   ☐ O-CLEAN

## FOOD ITEMS

- CANDIES: ☐ BAGS   ☐ BARS
- ☐ CANNED MEATS
- CHEESE: ☐ SPREAD   ☐ VELVEETA
- ☒ CHIPS 1 Bag   ☐ CRACKERS
- ☐ COFFEE   ☐ COCOA
- ☐ COOKIES   ☐ PASTRIES
- ☐ HOTSAUCE   ☐ PEPPERS
- ☐ INSTANT DRINKS   ☒ SOUPS 36
- ☐ JAM/JELLY   ☐ HONEY
- ☐ PEANUT BUTTER   ☐ NUTS
- ☐ POPCORN   ☐ PORK RINDS
- ☐ SUGAR CUBES
- TEA: ☐ BAGS   ☐ INSTANT
  - ☐ VITAMINS   ☐ PROTEIN

## PERSONAL PROPERTY

- ☒ ADDRESS BOOK 1
- ☐ BATTERIES: SIZE:
- ☒ BINDERS of EMPTY   80 manila ENVELopes
  - 19 NEWSPAPERS
- ☒ BOOKS: (see below) ☒ MAGAZINES 31
- ☒ SOFTBACKS 26   TITLE = 5 = 3
- ☐ HARDBACKS
- BRUSH: ☐ HAIR   ☐ SHOE
- CLIPPERS: ☐ NAIL   ☐ TOE
- COMBS: ☐ AFRO   ☐ REGULAR
- GLASSES: ☐ SUN   ☒ RX 1
- ☐ LEGAL MATERIALS
- ☐ PERSONAL PAPERS   ☐ LETTERS
- ☐ MIRROR: CONDITION
- ☒ PENS 9   ☐ PENCILS
- PHOTOS: ☐ ALBUM   ☐ LOOSE
- ☒ ENVELOPES 20 indebout   ☐ STAMPS
- ☐ SEWING KIT   8 plain envelopes
- ☐ STATIONERY   ☐ TABLETS
- ☐ TUMBLER   ☐ CUP
- ☐ BOWL   ☐ TUB
- ☐ WALLET
- TAPES/RECORDS - Total of 12 or less   3 greeting cards
- ☐ CASSETTE TAPES
- ☐ EIGHT TRACK TAPES   3 envelopes with
- ☐ RECORDS - 45's   STAMPS
- ☐ RECORDS - LP's

## CLOTHING

- ☐ BANDANAS   ☐ HEADBANDS
- ☐ BELT   ☐ BUCKLE
- CAPS: ☒ B/BALL 1   ☒ W/CAP 1   ☐ VIS
- ☐ JACKETS   1 Beanie
- ☐ PANTS
- ☐ PAJAMAS   ☐ ROBE
- ☐ RUG
- SHIRTS: ☐ TANK TOP   ☐ DRESS SHIRT
- T-SHIRTS: ☐ WHITE   ☐ COLORED
- SHOES: ☐ DRESS SHOES   ☐ SANDLES
- ☐ BOOTS   ☐ TENNIS
- ☐ THONGS
- SHORTS: ☐ UNDER   ☒ ATHLETIC
- ☐ SWEATER   1 PAIR VAN THG
- ☐ SWEATPANTS   TENNIS SHOES
- ☐ SWEATSHIRT
- ☒ THERMO TOP   ☐ THERMO PANTS

## GAMES

- ☐ CHESS   ☐ PINOCHLE CARDS
- ☐ CHECKERS   ☐ OTHER
- ☐ DOMINOES

## TOBACCO ITEMS

- CIGARETTES: ☐ CARTONS   ☐ PACKS
- ☐ CIGARETTE CASE   ☐ LIGHTER
- CIGARS: ☐ BOX   ☐ PACK   ☐ EACH
- ☐ PIPES   ☐ ROLLER
- SNUFF: ☐ POUCH   ☐ TINS
- TOBACCO: ☐ POUCH   ☐ CAN

## OTHER ITEMS

1 BIRTH CERTIFICATE

misc PAPERWORK

misc LETTERS

misc PAPERBACK BooKS THRUGHOUT

PAPERWORK

18 Binders LEGAL WORK
1 CABLE WITH SPLITER
38 individually WRAP LEGAL
PAPERS
1 PACK COLORED PENCILS
1 ANTI fungal CREAM
1 PAILOSES
1 sunglasses
1 PEN

## CONFISCATED ITEMS

## NON-EXPEND ITEMS

- ☐ A/C ADAPTER
  - Make:
  - SR/N:
- ☐ CALCULATOR
  - Make:
  - SR/N:
- ☐ CASSETTE/8-TRACK
  - Make:
  - SR/N:
- ☐ CLOCK
- ☐ ELECTRIC RAZOR
  - Make:
  - SR/N:
- ☐ HEADPHONES
  - Make:
  - SR/N:
- ☐ LAMP
  - Make:
  - SR/N:
- ☐ MUSICAL INSTRUMENT
  - Type:   Model:
  - SR/N:
- RELIGIOUS MEDAL
  - Medal: ☐ GOLD COLOR
  - ☐ SILVER COLOR
  - CHAIN: ☐ GOLD COLOR
  - ☐ SILVER COLOR
- ☐ RECORD PLAYER
  - Make:
  - SR/N:
- RADIO
  - ☐ AM/FM   ☐ CLOCK
  - ☐ CASSETTE   ☐ B-TRACK
  - Make:
  - SR/N:
- TELEVISION
  - ☐ BLACK & WHITE   ☐ COLOR
  - ☐ TV & RADIO COMBINATION
  - Make:
  - SR/N:
  - ☐ TELEVISION TESTED
  - ☐ TV WORKS   ☐ NOT WORKING
  - ☐ TYPEWRITER
  - Make:
  - SR/N:
  - ☐ RING   ☐ GOLD   ☐ SILVER
  - ☐ WATCH   ☐ WRIST   ☐ POCKET
  - Make:
  - Color: ☐ GOLD   ☐ SILVER
- NUMBER OF BOXES
- NUMBER OF BAGS
- FOOTLOCKER ☐ YES ☐ NO
- DITTY BAG ☐ YES ☐ NO

---

BELOW TO BE SIGNED UPON RETURN OF PROPERTY TO INMATE:

| The above listed items constitute all my personal property. INMATE'S SIGNATURE | DATE | I have received all the above listed personal property or have noted any discrepancies below: INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| Refused To Sign | 11/4/05 | REFUSED TO SIGN. | 11-29-05 |

| RECEIVED IN R&R BY: | INST. | DATE: | INSTITUTION | QUAD | ROOM NUMBER |
|---|---|---|---|---|---|
| | | | ACCEPTED BOXES AS IS | | |



STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS9

| DISTRIBUTION | |
|---|---|
| WHITE- CENTRAL FILE | CANARY- WARDEN |
| BLUE- INMATE (2ND COPY) | PINK- HEALTH CARE MGR |
| GREEN- ASU GOLDENROD-INMATE(1ST) | |

| INMATES NAME | | INMATES NUMBER |
|---|---|---|
| CHATMAN | | P-99062 |

## REASON (S) FOR PLACEMENT ( PART A )

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS

[ ] JEOPARDIZES INTEGRITY OF INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL CONDUCT

[X] ENDANGERS INSTITUTION SECURITY     [ ] UPON RELEASE FROM SEGREGATION NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OR CIRCUMSTANCES WHICH SUPPORT REASON (S) FOR PLACEMENT:

On 12-17-05_____ you are being placed into Administrative Segregation due to fact that you stated during an interview with Sgt. Patton that you are on a hunger strike. Specifically On December 17, 2005 you were Interviewed by Sgt. Patton because you had a hunger strike sign in your cell window B2-149, during this interview you stated that there was a ongoing conspiracy at HDSP with about 40 different staff members from around the institution and that was your reason for the hunger strike. Due to the aforementioned you are deemed a threat to the safety and security of this institution and are being placed into Administrative Segregation pending I.C.C. review for appropriate program and housing needs. This placement will affect your custody level, credit earning, privilege group, and visiting status. Inmate Chatman is not a participant in the Mental Health Delivery System. A review of the High Desert State Prison Effective Communication List for inmates with TABE reading scores 4.0 or less indicates that you do not need assistance to achieve effective communication. This placement is ordered by Correctional Lieutenant

[ ] CONTINUED ON ATTACHED PAGE ( CHECK IF ADDITIONAL)     IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE:

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | | Title |
|---|---|---|---|---|
| 12-17-05 | J. Cummings | | | LT. |
| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
| | 2244 | O. Smith | | C/O |
| [ ] INMATE REFUSED TO SIGN | INMATE SIGNATURE | | CDC NUMBER P-99062 | |

## ADMINISTRATIVE REVIEW (PART B)

THE FOLLOWING IS TO BE COMPLETED DURING THE INITIAL REVIEW BY CAPTAIN OR HIGHER BY THE FIRST WORKING DAY FOLLOWING PLACEMENT

| STAFF ASSISTANT (SA) | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|
| STAFF ASSISTANT'S NAME | TITLE | INVESTIGATIVE EMPLOYEE'S NAME | TITLE |

IS THIS INMATE:

LITERATE?   [ ] YES [ ] NO
FLUENT IN ENGLISH?   [ ] YES [ ] NO
ABLE TO COMPREHEND ISSUES?   [ ] YES [ ] NO
FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS?   [ ] YES [ ] NO
DECLINES FIRST STAFF ASSISTANT ASSIGNED?   [ ] YES

[ ] NOT ASSIGNED     Any *NO* requires SA assignment

EVIDENCE COLLECTED BY IE UNNECESSARY   [ ] YES [ ] NO
DECLINED ANY INVESTIGATIVE EMPLOYEE   [ ] YES [ ] NO
ASU PLACEMENT IS FOR DISCIPLINARY REASONS   [ ] YES [ ] NO
DECLINED 1ST INVESTIGATIVE ASSIGNED   [ ] YES

[ ] NOT ASSIGNED     Any *NO* requires IE assignment

## INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER     [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

| [ ] NO WITNESSES REQUESTED BY INMATE | INMATE SIGNATURE | DATE |
|---|---|---|

## WITNESSES REQUESTED FOR HEARING

| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |
|---|---|---|---|
| WITNESS NAME | TITLE/CDC NUMBER | WITNESS NAME | TITLE/CDC NUMBER |

DECISION: [ ] RELEASE TO UNIT/FACILITY_____   [ ] RETAIN PENDING ICC REVIEW   [ ] DOUBLE CELL   [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION

| ADMINISTRATORS REVIEWERS PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATORS REVIEWERS SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATORS PRINTED NAME ( IF NECESSARY) | | CORRECTIONAL ADMINISTRATORS SIGNATURE ( IF NECESSARY) | | DATE OF REVIEW |

NAME AND NUMBER·                                                    CDC-128-B (REV. 4/74

On 12-17-2005 I conducted an Interview in the B-Facility Program Office with inmate Chatman P-99062. During the interview Chatman told me that he was on a hunger strike. I asked Chatman why he was on a hunger strike he told me that there is an institution wide conspiracy against him involving numerous staff members. When I asked him which staff were involved he said" From the Warden on down." During the interview Chatman indicated that he would drink water but not eat food during his hunger strike. He also said that he started his strike on 12-16-05 and that he planned to continue for "As long as it takes>"

Orig.:   C-file
CC:      CC-II
         Writer
         Inmate                                        W. Patton
         CDC-114 File                                  Correctional Sergeant
         =Mailroom=

DATE:12-17-2005                                        GENERAL CHRONO

# EXHIBIT D

1

2

3

4

5

6

7

ENDORSED FILED

SEP 1 3 2007

R. REED, Chief Administrative Officer
LASSEN COUNTY COURTS

By S Glines Deputy

8

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

## IN AND FOR THE COUNTY OF LASSEN

10 **In the Matter of the Petition of**

11 **CHARLES CHATMAN**

12 **For Writ of Habeas Corpus**

**Case No. CHW - 2337**

**ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

13

14    Petitioner, an inmate at High Desert State Prison, alleges that his First Amendment rights

15 were violated by the theft of his property in retaliation for making complaints against fellow

16 officers; his Constitutional rights were violated by prison personnel who falsified documents to

17 justify stealing his property as a retaliatory measure; and his Constitutional rights were violated

18 by prison personnel who covered up their theft of his property in retaliation for petitioner's

19 complaints surrounding staff abuse. Attached to the petition is a Director's Level Decision dated

20 August 25, 2006 (Local Log # 06-0754) and a copy of the CDCR form 602 (same log ) setting

21 forth the issues as to which petitioner exhausted his administrative appeal rights. Each such

22 document is silent as to a complaint of impairment of a Constitutional right; instead addressing

23 the *negligent* loss of petitioner's property upon his transfer to an Administrative Segregation

24 Unit. To be considered by a reviewing court, the exact issue must first have been presented [to

25 the administrative agency]. (see *Resources Defense Fund v. LAFCO* (1987) 191 Cal. App. 3rd

26 886, 894). The petition for writ of habeas corpus is denied. (*In re Dexter* (1979) 25 Cal. 3rd 921;

27 *In re Muszalski* (1975) 52 Cal. App. 3rd 500.)

28 Dated: September 13, 2007

Dawn Araule

COMMISSIONER
Superior Court Commissioner

# EXHIBIT E

**IN THE**
# Court of Appeal of the State of California
**IN AND FOR THE**
## THIRD APPELLATE DISTRICT

# FILED

OCT 18 2007

COURT OF APPEAL · THIRD DISTRICT
DEENA C. FAWCETT
BY_____ Deputy

In re CHARLES CHATMAN on Habeas Corpus.

C057042

BY THE COURT:

The petition for writ of habeas corpus is denied.

Dated: October 18, 2007

NICHOLSON, Acting P.J.

----------------------------------

cc: See Mailing List

# EXHIBIT F

S157674

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re CHARLES CHATMAN on Habeas Corpus

The petition for writ of habeas corpus is denied. (See *In re Swain* (1949) 34 Cal.2d 300, 304; *People v. Duvall* (1995) 9 Cal.4th 464, 474; *In re Dexter* (1979) 25 Cal.3d 921.)

SUPREME COURT
FILED

FEB 2 0 2008

Frederick K. Ohlrich Clerk

Deputy

GEORGE

Chief Justice

February 27-08

MAR -3 PM 2:09

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Charles Chulman
#P99062
P.O. Box 3030
Susanville, CA 96127

Dear Clerk of Court,

    Please find enclosed an exhausted writ of habeas corpus with a copy in a separate envelope. The forma pauperis application is currently being processed in the prison account office, which means you should receive it within 10 days.

    Thank you very much for your time, attention and patience in this matter.

Sincerely,
Charles Chulman

E-Filing, HABEAS, ProSe

## U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:07-cv-06137-MMC
## Internal Use Only

Chatman v. Felker et al
Assigned to: Hon. Maxine M. Chesney
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 12/04/2007
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**Charles James Chatman**

represented by **Charles James Chatman**
P-99062
HDSP
High Desert State Prison
P.O. Box 3030
Susanville, CA 96130
PRO SE

V.

**Respondent**

**Warden Tom Felker**

**Respondent**

**Attorney General For The State Of California**

| Date Filed | # | Docket Text |
|---|---|---|
| 12/04/2007 | 1 | PETITION for Writ of Habeas Corpus TRANSFERRED FROM THE UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA. Their case number 2:07-cv-01694-GEB-EFB (NO PROCESS); (IFP PENDING). Filed byCharles James Chatman. (aaa, Court Staff) (Filed on 12/4/2007) (Entered: 12/06/2007) |
| 12/04/2007 | 2 | MOTION for Leave to Proceed in forma pauperis filed by Charles James Chatman. (aaa, Court Staff) (Filed on 12/4/2007) (Entered: 12/06/2007) |
| 12/04/2007 | 3 | Letter from Clerk requesting a signed and completed IFP application or filing fee of $5.00. (aaa, Court Staff) (Filed on 12/4/2007) (Entered: 12/06/2007) |
| 12/04/2007 | | CASE DESIGNATED for Electronic Filing. (aaa, Court Staff) (Filed on 12/4/2007) (Entered: 12/06/2007) |
| 12/26/2007 | 4 | MOTION for Leave to Proceed in forma pauperis filed by Charles James Chatman. (aaa, Court Staff) (Filed on 12/26/2007) (Entered: 01/03/2008) |

CLOSED, HABEAS, ProSe

## U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:05-cv-02944-MMC
## Internal Use Only

Chatman v. Runnels
Assigned to: Hon. Maxine M. Chesney
Case in other court: **06-16235**
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 07/19/2005
Date Terminated: 05/09/2006
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**Charles James Chatman**

represented by **Charles James Chatman**
P-99062
P.O. Box 3030
Susanville, CA 96127
PRO SE

V.

**Respondent**

**Warden D. L. Runnels**

| Date Filed | # | Docket Text |
|---|---|---|
| 07/19/2005 | 1 | PETITION for Writ of Habeas Corpus. Filed byCharles James Chatman. (aaa, Court Staff) (Filed on 7/19/2005) (Entered: 07/20/2005) |
| 07/19/2005 | 2 | Letter from Clerk requesting a signed and completed IFP application or filing fee of $5.00. (aaa, Court Staff) (Filed on 7/19/2005) (Entered: 07/20/2005) |
| 07/21/2005 | 3 | MOTION for Leave to Proceed in forma pauperis filed by Charles James Chatman. (aaa, Court Staff) (Filed on 7/21/2005) (Entered: 07/22/2005) |
| 09/29/2005 | 4 | Letter dated 09/25/05; from Charles Chatman re request for IFP status. (aaa, Court Staff) (Filed on 9/29/2005) (Entered: 09/30/2005) |
| 10/18/2005 | 5 | ORDER OF DISMISSAL WITH LEAVE TO AMEND; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS. If petitioner wishes to amend the petition, he must file, within **thirty (30) days** of the date this order is filed, an amended petition in which he corrects the deficiencies noted signed by Judge Maxine M. Chesney on October 18, 2005. (mmcsec, COURT STAFF) (Filed on 10/18/2005) Modified on 10/20/2005 (aaa, Court Staff). (Entered: 10/18/2005) |
| 11/30/2005 | 6 | REQUEST/MOTION for Extension of Time filed by Charles James Chatman. (aaa, Court Staff) (Filed on 11/30/2005) (Entered: 12/01/2005) |
| 12/07/2005 | 7 | ORDER GRANTING AN EXTENSION OF TIME by Judge Maxine M. Chesney granting 6 Motion for Extension of Time. Good cause appearing, plaintiff's request for a thirty-day extension of time is GRANTED. Plaintiff's amended petition is due on or before **December 19, 2005.** IT IS SO ORDERED. (aaa, Court Staff) (Filed on 12/7/2005) (Entered: 12/09/2005) |

| | | |
|---|---|---|
| 01/03/2006 | ◑8 | MOTION for Extension of Time filed by Charles James Chatman. (ys, COURT STAFF) (Filed on 1/3/2006) (Entered: 01/05/2006) |
| 01/06/2006 | ◑9 | ORDER GRANTING AN EXTENSION OF TIME by Judge Maxine M. Chesney granting 8 Motion for Extension of Time. Second Request for an extension of time, to and including **January 19, 2006,** in which to file an amended petition. IT IS SO ORDERED. (aaa, Court Staff) (Filed on 1/6/2006) (Entered: 01/10/2006) |
| 01/26/2006 | ◑10 | MOTION for Final Extension of Time to File Amended Petition filed by Charles James Chatman. (aaa, Court Staff) (Filed on 1/26/2006) (Entered: 01/27/2006) |
| 02/06/2006 | ◑11 | AMENDED COMPLAINT against D. L. Runnels. Filed byCharles James Chatman. (aaa, Court Staff) (Filed on 2/6/2006) (Entered: 02/07/2006) |
| 05/09/2006 | ◑12 | ORDER OF DISMISSAL signed by Judge Maxine M. Chesney on May 9, 2006. (mmcsec, COURT STAFF) (Filed on 5/9/2006) (Entered: 05/09/2006) |
| 05/09/2006 | | (Court only) ***Civil Case Terminated. Re 12 Order (aaa, Court Staff) (Filed on 5/9/2006) (Entered: 05/10/2006) |
| 05/09/2006 | ◑14 | JUDGMENT: DECISION BY COURT. IT IS ORDERED AND ADJUDGED the instant action is hereby DISMISSED, without prejudice to petitioner's bringing his claims in a civil rights complaint filed in a separate action. (aaa, Court Staff) (Filed on 5/9/2006) (Entered: 05/10/2006) |
| 05/10/2006 | ◑13 | AMENDED ORDER OF DISMISSAL signed by Judge Maxine M. Chesney on May 10, 2006. (mmcsec, COURT STAFF) (Filed on 5/10/2006) (Entered: 05/10/2006) |
| 06/12/2006 | ◑15 | NOTICE OF APPEAL as to 13 Amended Order, 12 Order, 14 Judgment by Charles James Chatman. (aaa, Court Staff) (Filed on 6/12/2006) Modified on 7/13/2006 (aaa, Court Staff). **USCA NUMBER: 06-16235** (Entered: 06/14/2006) |
| 06/26/2006 | ◑16 | ORDER DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY signed by Judge Maxine M. Chesney on June 26, 2006. (mmcsec, COURT STAFF) (Filed on 6/26/2006) (Entered: 06/26/2006) |
| 06/26/2006 | ◑ | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 15 Notice of Appeal (aaa, Court Staff) (Filed on 6/26/2006) (Entered: 06/29/2006) |
| 06/26/2006 | ◑ | Copy of 15 Notice of Appeal and Docket sheet mailed to all counsel (aaa, Court Staff) (Filed on 6/26/2006) (Entered: 06/29/2006) |
| 06/26/2006 | ◑ | Certificate of Record Mailed to USCA re appeal 15 Notice of Appeal: (aaa, Court Staff) (Filed on 6/26/2006) (Entered: 06/29/2006) |
| 07/12/2006 | ◑17 | USCA Case Number **06-16235**: RECEIPT OF ACKNOWLEDGMENT from the Ninth Circuit Court of Appeals for 15 Notice of Appeal filed by Charles James Chatman,. (aaa, Court Staff) (Filed on 7/12/2006) (Entered: 07/13/2006) |
| 12/20/2006 | ◑18 | Appeal Record Returned: 15 Notice of Appeal (aaa, Court Staff) (Filed on 12/20/2006) (Entered: 12/22/2006) |
| 01/03/2007 | ◑19 | ORDER of USCA: The request for a certificate of appealability is denied as to 15 Notice of Appeal filed by Charles James Chatman, (aaa, Court Staff) (Filed on 1/3/2007) (Entered: 01/09/2007) |
| 01/09/2007 | ◑20 | MANDATE of USCA: Clerk's letter spreading the mandate as to 15 Notice of Appeal filed by Charles James Chatman, (aaa, Court Staff) (Filed on 1/9/2007) (Entered: 01/09/2007) |

Mr. Michael Whitaker
#P93029, #CV-112
P.O. Box 3030
Susanville, CA 96127

Legal/Confidential Mail

United State District Court
Northern District of California
450 Golden Gate Ave.
San Francisco, CA 94102

1 of 2



HIGH DESERT STATE PRISON

$04.600
02/29/2008
Mailed From 96127
US POSTAGE
neopost

Mr. Charles Chatman
#V96062 B2 227-02
P.O. Box 3030
Susanville, CA 96127

Legal/Confidential Mail

United State District Court
Northern District of California
450 Golden Gate Av.
San Francisco, CA 94102

2 of 2

HIGH DESERT STATE PRISON



neopost

$02.840

Mailed From 96127
02/29/2008
US POSTAGE

049.B32046573

AO 241
(Rev 12/04)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☑ Yes    ☐ No

8.  Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9.  If you did appeal, answer the following:

(a) Name of court:    FIRST APPELLATE DISTRICT COURT

(b) Docket or case number (if you know):    # A093221

(c) Result:    AFFIRMED

(d) Date of result (if you know):    10 - 29 - 02

(e) Citation to the case (if you know):    UNPUBLISHED

(f) Grounds raised:    *COURT DENIED DUE PROCESS FOR FAILURE TO ALLOW PETITIONER TO PREPARE DEFENSE ON SELF-REPRESENTATION, * APPELLANT WAS ENTITLED TO APPOINTMENT OF EXPERT WITNESS. * APPELLANT WAS DENIED RIGHT TO BE PRESENT AT EVERY STAGE AT TRIAL.

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

If yes, answer the following:

(1) Name of court:    CALIFORNIA SUPREME COURT

(2) Docket or case number (if you know):    # S111863

(3) Result:    AFFIRMED

(4) Date of result (if you know):    1 - 15 - 2003